# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON. COM, INC., <br><br> Defendant. | Case No. 6:15-cv-01038-RWS <br> **LEAD CASE** <br><br> **JURY TRIAL DEMANDED** |
| EOLAS TECHNOLOGIES INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC. AND WAL-MART STORES TEXAS, LLC, <br><br> Defendants. | Case No. 6:15-cv-01040-RWS <br> **CONSOLIDATED CASE** <br><br> **JURY TRIAL DEMANDED** |

## WAL-MART STORES, INC. AND WAL-MART STORES TEXAS, LLC'S ANSWER TO SECOND AMENDED COMPLAINT

Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart"), hereby respond to the allegations contained in Eolas Technologies Incorporated's ("Eolas") Second Amended Complaint.

### I. PARTIES

1. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Second Amended Complaint and therefore denies them.

2. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Second Amended Complaint and

1

therefore denies them.

3. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Second Amended Complaint and therefore denies them.

4. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Second Amended Complaint and therefore denies them.

5. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Second Amended Complaint and therefore denies them.

6. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Second Amended Complaint and therefore denies them.

7. Walmart lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Second Amended Complaint and therefore denies them.

8. Walmart admits Wal-Mart Stores, Inc. is a corporation existing under the laws of the State of Delaware, the principal place of business of Wal-Mart Stores, Inc. is located at 702 S.W. 8th Street, Bentonville, Arkansas 72716, and its agent for service of process is CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

9. Walmart admits Wal-Mart Stores Texas, LLC is a corporation existing under the laws of the State of Delaware, the principal place of business of Wal-Mart Stores Texas, LLC is located at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

Walmart admits that Wal-Mart Stores, Inc.'s agent for service of process is CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

## II.     JURISDICTION AND VENUE

10.     Walmart incorporates by reference its responses to Paragraphs 1-9 of the Second Amended Complaint as though fully set forth herein.

11.     Walmart admits the subject matter jurisdiction of this Court purports to be based on the statutes cited.  Except as expressly admitted herein, Walmart denies the remaining allegations of Paragraph 11 of the Second Amended Complaint.

12.     Walmart admits it has conducted and conducts business in the State of Texas and in the Eastern District of Texas.  Except as expressly admitted herein, Walmart denies the allegations of Paragraph 12 of the Second Amended Complaint.

13.     Walmart admits it conducts business in the Eastern District of Texas. Except as expressly admitted herein, Walmart denies the allegations of Paragraph 13 of the Second Amended Complaint.

14.     Walmart admits that the Original Complaint identified the patent-in-suit. However, Walmart denies that it had knowledge of the patent-in-suit prior to its issuance. Except as expressly admitted herein, Walmart denies the allegations of Paragraph 14 of the Second Amended Complaint.

15.     Walmart denies venue is proper in this district under 28 U.S.C. §§ 1391(b)–(c) and 1400(b), and denies that venue in a patent infringement case may be based on 28 U.S.C. § 1391.  Walmart hereby provides notice that it may challenge venue as improper under Federal Rule of Civil Procedure 12(b)(3) at an appropriate time. Walmart asserts other districts, including the Northern District of California, are proper

and are more convenient for this litigation. Walmart admits it has conducted business in the Eastern District of Texas. Except as expressly admitted herein, Walmart denies the remaining allegations of Paragraph 15 of the Second Amended Complaint.

### III. PATENT INFRINGEMENT

16. Walmart incorporates by reference its responses to Paragraphs 1-15 of the Second Amended Complaint as though fully set forth herein.

17. Walmart admits United States Patent No. 9,195,507 ("the '507 patent"), on its face, is entitled, "Distributed Hypermedia Method and System for Automatically Invoking External Application Providing Interaction and Display of Embedded Objects Within A Hypermedia Document" and it purports to have been issued on November 24, 2015. Except as expressly admitted herein, Walmart denies the allegations in Paragraph 17 of the Second Amended Complaint.

18. Walmart denies the allegations in Paragraph 18 of the Second Amended Complaint.

19. Walmart admits that the Original Complaint identified the patent-in-suit. However, Walmart denies that it had knowledge of the patent-in-suit prior to its issuance. Except as expressly admitted herein, Walmart denies the allegations of Paragraph 19 of the Second Amended Complaint.

20. Walmart denies the allegations in Paragraph 20 of the Second Amended Complaint.

### IV. RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Walmart denies Eolas is entitled to any of the requested relief. Eolas is not entitled to recover damages, injunctive relief, attorneys' fees, costs, interest, or any other

recovery from Walmart. Eolas's prayer for relief should, therefore, be denied in its entirety and with prejudice, and Eolas should take nothing.

## V. AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, Walmart asserts the following defenses. Nothing in these defenses is intended to or shall be construed as an argument or admission that Walmart bears the burden of proof as to any matter raised in any of its defenses. Walmart reserves the right to assert additional defenses and to amend its Answer to the Second Amended Complaint as additional information becomes known through the course of discovery.

### First Affirmative Defense
(Non-Infringement)

1. Walmart has not and does not infringe (directly or indirectly, literally or under the doctrine of equivalents, contributorily or by inducing) any valid claims of the '507 patent.

### Second Affirmative Defense
(Invalidity)

2. The '507 patent, including all of its claims, is invalid for failure to comply with one or more of the requirements specified in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, 111, 112, and/or 116.

3. The '507 patent, including all of its claims, is invalid for obviousness-type double patenting.

### Third Affirmative Defense
(Improper Venue)

4. Eolas' claims for infringement of the '507 patent should be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue.

### Fourth Affirmative Defense
(Prosecution History Estoppel)

5. Based on proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the applications that ultimately issued as the '507 patent, Eolas is precluded or otherwise estopped from asserting any construction of the claims of the '507 patent that is inconsistent with its or its predecessor-in-interest's representations before the PTO, including any amendment, cancellation, abandonment of claims, admissions or other statements made in and to the PTO.

### Fifth Affirmative Defense
(Waiver, Laches, Estoppel, and Acquiescence)

6. Eolas' claims for infringement of the '507 patent are barred or limited by waiver, estoppel, implied license, laches, and/or acquiescence.

### Sixth Affirmative Defense
(No Willfulness)

7. Eolas is barred from obtaining a finding of willfulness or receiving enhanced damages because it has failed to set forth facts alleging reprehensible culpability on the part of Walmart, which is prerequisite for a finding of willfulness and an award of enhanced damages.

### Seventh Affirmative Defense
(License and/or Patent Exhaustion)

8. Eolas is barred from asserting claims for patent infringement against Walmart because its claims for patent infringement against Walmart are precluded to the extent that any of the allegedly infringing conduct or products are based on or related to products supplied to Walmart (directly or indirectly), made, sold, or used by an entity or entities having an express or implied license to the patent-in-suit, and/or Eolas' claims are

precluded under the doctrine of patent exhaustion.

### Eighth Affirmative Defense
(No Injunctive Relief)

9. Eolas is not entitled to injunctive relief because any injury is not immediate and/or irreparable, and because Eolas has adequate remedies at law.

### Ninth Affirmative Defense
(Failure to State a Claim)

10. The Amended Complaint fails to state a claim upon which relief can be granted.

### Tenth Affirmative Defense
(No Costs)

11. Eolas' recovery of costs is barred by 35 U.S.C. § 288.

### Eleventh Affirmative Defense
(Prosecution Laches)

12. Eolas' claims for infringement of the '507 patent are barred or limited by the doctrine of prosecution laches.

### Twelfth Affirmative Defense
(Unclean Hands)

13. Eolas' claims for infringement of the '507 patent are barred or limited by the doctrine of unclean hands.

### Thirteenth Affirmative Defense
(Res Judicata)

14. Eolas' claims for infringement of the '507 patent are barred or limited by the doctrine of res judicata.

### Fourteenth Affirmative Defense
(Collateral Estoppel)

15. Eolas' claims for infringement of the '507 patent are barred or limited by

the doctrine of collateral estoppel.

### Fifteenth Affirmative Defense
(Invalid Patent Term Extension)

16. The patent term extension of the '507 patent is invalid under 35 U.S.C. § 282(c) because the term of the '507 patent was improperly extended or adjusted pursuant to 35 U.S.C. § 154 and 37 CFR § 1.704.

### Reservation of Additional Defenses

Walmart reserves any and all additional defenses available under Section 35 of the United States Code, the rules, regulations, or law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, and/or otherwise in law or equity, now existing, or later arising, as may be discovered.

## VI. DEMAND FOR JURY TRIAL

Walmart requests a trial by jury on all issues so triable.

Dated:   March 15, 2016

Respectfully submitted,

By:   */s/ Bijal V. Vakil*

Bijal V. Vakil
CA State Bar No.:  192878
(*Admitted to practice in E.D. Texas*)
Shamita D. Etienne-Cummings
CA State Bar No.:  202090
(*Admitted to practice in E.D. Texas*)
Thomas C. Flynn
CA State Bar No.:  257945
(*admitted to practice in E.D. Texas*)
Allen W. Wang
CA State Bar No.:  278953
(*admitted to practice in E.D. Texas*)
**WHITE & CASE LLP**
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com
Email: setienne@whitecase.com

Email: allen.wang@whitecase.com
Email: tflynn@whitecase.com

J. Thad Heartfield
State Bar No. 09346800
**THE HEARTFIELD LAW FIRM**
2195 Dowlen Road
Beaumont, TX  77706
Telephone:  (409) 866-3318
Facsimile:    (409) 866-5789
Email: thad@heartfieldlawfirm.com

*Attorneys for Defendants*
*Wal-Mart Stores, Inc. and*
*Wal-Mart Stores Texas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on March 15, 2016, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by First Class U.S. Mail on this same date.

*/s/ Bijal V. Vakil*
Bijal V. Vakil