## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | |
| Plaintiff, | Civil Action No. 6:15-cv-01038-RWS |
| v. | LEAD CASE |
| AMAZON.COM, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | |
| Plaintiff, | Civil Action No. 6:15-cv-01039-RWS |
| v. | CONSOLIDATED CASE |
| GOOGLE INC., | JURY TRIAL DEMANDED |
| Defendant. | |

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | |
| Plaintiff, | Civil Action No. 6:15-cv-01040-RWS |
| v. | CONSOLIDATED CASE |
| WAL-MART STORES, INC., AND WAL-MART STORES TEXAS, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER WITH SEVERAL POINTS OF DISAGREEMENT

Pursuant to the Court's Order (Dkt. 44), Plaintiff Eolas Technologies Incorporated ("Eolas" or "Plaintiff") and Defendants Amazon.com, Inc. ("Amazon"); Google Inc. ("Google"); and Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC ("Walmart") (collectively "Defendants") jointly submit a proposed Protective Order, attached hereto. The parties agree on

the vast majority of issues, but disagree as to several specific issues. The parties' proposals are outlined below or in the attached proposed order, and highlighted for ease of reference in the attached proposed order (Eolas in green and Defendants in yellow).

## OPENING REMARKS

### *Eolas:*

Eolas's proposals for the protective order attempt to comport with the Court's sample patent protective order, the protective order that was generally agreed upon in the last case (see attached Exhibits 1 and 2), and the need to keep confidential material confidential. What Eolas seeks to avoid in its proposals are unnecessary "hoops," ambiguous and unnecessary provisions likely to only create later controversies, and unduly restrictive and duplicative limitations that ignore (1) the vast protections already afforded; and (2) the significant obligations those operating under the protective order will already take on. And contrary to Defendants' suggestion below, Eolas's prosecution bar only deviates from the Court's sample with one additional sentence that attempts to give Defendants extra protections to Eolas's detriment.

### *Defendants:*

Eolas's suggestion that its proposals follow the Court's model Protective Order, and Defendants' do not is misleading.  Both parties propose deviating from the model order in certain instances.  For example, Plaintiff admits that it deviates from the model order with respect to the prosecution bar.  In all places where Defendants propose deviating from the model Protective Order, there is good cause for the protections Defendants seek for their confidential and sensitive information, and Defendants' proposed deviations will not unjustifiably hamper discovery.

**ISSUE #1** (Treating the consolidated actions as one Action, including the ability for Eolas to serve documents on Defendants containing another Defendant's Protected Material)

*Eolas's Position*:

Eolas believes that, due to pre-trial consolidation of these cases (Dkt. 22) and the close relation of the issues in the three cases, the cases should be treated as one for the purposes of this protective order. Defendants' proposal seeks to impose additional, and unwarranted, administrative and logistical restrictions which fall more heavily on Eolas than Defendants. Eolas, and each of the Defendants, have already agreed to be bound by the agreed provisions of the protective order. These agreed provisions already protect the Protected Material of each party and require all parties (regardless of which party made the disclosure) to treat the Protected Material as such, limit the use of Protected Material to purposes related to this Action, require each person who receives Protected Material to agree to be bound by the protective order, impose limitations on how Protected Material may be used, and impose limitations on who can receive Protected Material. These protections are sufficient to protect the confidential information of one party if it is disclosed to another party. The Court in the last case (involving Eolas, Amazon, and Google) included Eolas's current paragraph 31. See the attached Exhibit 1 showing a similar provision in paragraph 1(b) of the protective order from that last case.

The problem with Defendants' proposal can be illustrated with an example. If Eolas were to utilize one infringement expert to render an infringement report addressing the Protected Material of more than one Defendant—and despite the fact that Eolas would already be required to designate the report under the proper level of confidentiality—Eolas would nonetheless be required to go through and redact on a Defendant-by-Defendant basis the Protected Material of the other Defendants. This would result in multiple versions of the same report. But there is no

3

reason to impose this burden because the report would already be designated under the proper level of confidentiality. Therefore, even if the Protected Material of more than one Defendant were included in the same expert report, the Protected Material would only be disclosed to persons already authorized to receive it (*e.g.*, outside counsel and cleared consultants/experts of the Defendants) and subject to the other protections of the protective order.

As another example, some of the prior art produced in the prior case by those defendants was marked as Protected Material (and one can envision a situation where, for example, deposition testimony marked as Protected Material may be relevant to global validity opinions). If Eolas were to have its expert review and opine on this prior art, Eolas would be unable to provide its rebuttal expert report on validity issues to each Defendant. Instead, Eolas would again be required to go through and redact on the prior art Protected Material before disclosing its rebuttal expert report to the other Defendants—despite the fact that Eolas would already be required to designate the report under the proper level of confidentiality. As was true in the earlier example, because the report would already be designated under the proper level of confidentiality, the Protected Material would only be disclosed to persons already authorized to receive it (*e.g.*, outside counsel and cleared consultants/experts) and subject to the other protections of the protective order.

Defendants' professed concern that some are competitors with respect to each other ignores the reality that the protective order already has substantial safeguards built into it. There is little risk that technical information disclosed by one Defendant in this case will make it into the hands of employees developing products for another Defendant. This is because the already-agreed provisions of the protective order impose limitations on who can receive Protected Material. Moreover, outside law firms representing Defendants here have likely already seen

4

Protected Material from other Defendants. In particular, White & Case (counsel for Walmart) has represented Google in the past (*e.g.*, *Droplets, Inc. v. Amazon.com, Inc.*, No. 2:11-cv-392 (E.D. Tex.) (transferred to No. 3:12-cv-3733 (N.D. Cal.))), and has thus likely seen Protected Material from Google. White & Case has also represented Amazon in the past (*e.g.*, *Azure Networks, LLC v. Amazon.com, Inc.*, No. 5:15-cv-20 (E.D. Tex.)) and has thus likely seen Protected Material from Amazon. Similarly, one of Amazon's outside law firms (Haltom & Doan) represented Google in a prior case (*e.g.*, *Compression Labs Inc. v. Acer Am. Corp.*, 2:04-cv-294 (E.D. Tex.) (transferred to No. 5:05-cv-925 (N.D. Cal.))) and has thus likely seen Protected Material from Google. And that same firm represented Amazon and Yahoo in the prior case between Eolas, Amazon, Google, and others, during which Protected Material from Google was produced and provided in reports and other materials that Amazon's and Yahoo's counsel received.

In light of the substantial protections already afforded by the agreed portions of the protective order, Defendants' proposal introduces additional and unwarranted limitations which fall disproportionately on Eolas. Eolas' proposal should therefore be adopted.

*Defendants' Position*:

These cases should be treated as separate cases for the purposes of this Protective Order, and particularly for the purposes of determining whether and when the parties must produce and redact Protected Material.  The problems of which Eolas complains are of Eolas's own making. It was Eolas who chose to sue three different defendants on the same patent, and it would be Eolas litigating all three cases separately had they not been consolidated for pretrial purposes. Google, Amazon and Walmart are all entitled to participate fully in the discovery process, and Eolas's own examples illustrate how Eolas's proposal could hamper Defendants from doing so.

5

Defendants' in-house attorneys will need access to Eolas's infringement and validity reports to meaningfully review Eolas's infringement and validity allegations.  Although Eolas complains about the potential situation where Eolas, using one infringement or validity expert for all three actions, would have to create three separate reports to redact confidential information on a Defendant-by-Defendant basis, if Eolas did not create three separate reports redacting the Defendants' confidential information separately, Defendants' in-house attorneys would not be able to review Eolas's expert reports.  Although Eolas complains of "additional, and unwarranted, administrative and logistical restrictions which fall more heavily on Eolas than Defendants," the amount of work it would take to redact the confidential information on a Defendant-by-Defendant basis is minor compared to the efficiency gains Eolas would achieve by using one expert and serving one expert report in all three actions.  This strategic choice belongs to Eolas, but whether Eolas makes it should not affect Defendants' ability to defend their own cases.

Eolas's observation that "[t]here is little risk that technical information disclosed by one Defendant in this case will make it into the hands of employees developing products for another Defendant" is blasé, at best.  Eolas and the Defendants have spent weeks carefully negotiating this Protective Order to ensure that their Protected Material does not end up in *each other*'s hands, and Eolas and the Defendants are not direct competitors.  Had the Defendants been negotiating a Protective Order among themselves, this process could have taken months.  Unlike Eolas and the Defendants, many of the Defendants are direct competitors with respect to each other and the consequences of Protected Material ending up in one another's hands is much greater.  Although Eolas argues that "outside law firms representing Defendants here have likely already seen Protected Material from other Defendants," Eolas offers no basis for believing that

6

this has in fact happened, and offers no explanation for how this could save its argument. Moreover, even if outside counsel have "already seen Protected Material from other Defendants," that alone would do nothing to address the Defendants' concerns about in-house attorneys being prevented from meaningfully reviewing documents containing other Defendants' information if these actions were treated as one for the purposes of this Protective Order.

Dated: April 4, 2016

Respectfully submitted,

/s/ Kevin L. Burgess
Kevin L. Burgess
Lead Attorney
Texas State Bar No. 24006927
kburgess@mckoolsmith.com
John B. Campbell
Texas State Bar No. 24036314
jcampbell@mckoolsmith.com
James Quigley
Texas State Bar No. 24075810
jquigley@mckoolsmith.com
**McKool Smith, P.C.**
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744

Mike McKool
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
**McKool Smith, P.C.**
300 Crescent Court, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@mckoolsmith.com
McKool Smith, P.C.
104 East Houston Street
Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Telecopier: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF EOLAS
TECHNOLOGIES INCORPORATED**

/s/  Jennifer H. Doan
Jennifer Haltom Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
J. Randy Roeser
Texas Bar No. 24089377
Haltom & Doan
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone:  903.255.1000
Facsimile:  903.255.0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com
Email: rroeser@haltomdoan.com

Douglas E. Lumish
California State Bar No. 183863
Richard G. Frenkel
California State Bar No. 204133
Jeffrey G. Homrig
California State Bar No. 215890
Amit Makker
California State Bar No. 280747
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: 650.328.4600
Facsimile: 650.463.2600
Email: doug.lumish@lw.com
Email:  rick.frenkel@lw.com
Email: jeff.homrig@lw.com
Email:  amit.makker@lw.com

Joseph H. Lee
California State Bar No. 248046
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone:  714.540.1235
Facsimile:  714.755.8290
Email:  joseph.lee@lw.com
Grant E. Kinsel
Washington Bar No. 49576

8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:  206-359-3516
Facsimile:  206-359-9000
Email:  Gkinsel@perkinscoie.com
**ATTORNEYS FOR DEFENDANT
AMAZON.COM, INC.**

/s/ *Bijal V. Vakil*
Bijal V. Vakil
CA State Bar No.:  192878
(Admitted to practice in E.D. Texas)
Shamita D. Etienne-Cummings
CA State Bar No.:  202090
(Admitted to practice in E.D. Texas)
Thomas C. Flynn
CA State Bar No.:  257945
 (admitted to practice in E.D. Texas)
Allen W. Wang
CA State Bar No.:  278953
(admitted to practice in E.D. Texas)
WHITE & CASE LLP
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com
Email: setienne@whitecase.com
Email: tflynn@whitecase.com
Email: allen.wang@whitecase.com

J. Thad Heartfield
State Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX  77706
Telephone:  (409) 866-3318
Facsimile:   (409) 866-5789
Email: thad@heartfieldlawfirm.com
**ATTORNEYS FOR DEFENDANTS
WAL-MART STORES, INC. AND
WAL-MART STORES TEXAS, LLC**

9

/s/ David A. Perlson
Charles K. Verhoeven, CA Bar No. 170151
  charlesverhoeven@quinnemanuel.com
David A. Perlson, CA Bar No. 209502
  davidperlson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California  94111-4788
Tel: 415-875-6600
Fax: 415-875-6700

Michael E. Jones, SBN: 10929400
  mikejones@potterminton.com
Patrick C. Clutter, SBN: 24036374
  patrickclutter@potterminton.com
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
**ATTORNEYS FOR DEFENDANT GOOGLE
INC.**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on April 4, 2016.

*/s/ James Quigley*
James Quigley

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Eolas and Defendants have discussed the contemporaneously submitted Joint Protective, Joint Discovery, Joint Docket Control, and Joint ESI Orders. After meeting and conferring by email and phone on the issues, the parties agreed they had reached an agreement on the issues, except as to issues discussed above and shown in the attached proposed order(s).

*/s/ James Quigley*
James Quigley

McKool 1170232v3