# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| Plaintiff, | **Civil Action No. 6:15-cv-01038-RWS** |
| v. | **LEAD CASE** |
| **AMAZON.COM, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## EOLAS TECHNOLOGIES INCORPORATED'S MOTION FOR SUMMARY JUDGMENT OF NO INVALID PATENT TERM ADJUSTMENT

1178237

Eolas Technologies Incorporated ("Eolas") moves for summary judgment of no invalid patent term adjustment of U.S. Patent No. 9,195,507 (the "'507 patent").

## I. STATEMENT OF ISSUE TO BE DECIDED

Is the United States Patent and Trademark Office's ("USPTO") patent term adjustment for the '507 patent invalid?

## II. STATEMENT OF UNDISPUTED FACTS

1. The USPTO issued the '507 patent on November 24, 2015. Ex. 1. The USPTO determined that the '507 patent was due a patent term adjustment of 1042 days. *Id.*

2. Without a patent term adjustment, there is no period for which Eolas can obtain damages for infringement of the '507 patent.

3. Google and Walmart allege that the '507 patent's patent term adjustment is invalid. Dkt. 46 ¶ 31; Dkt. 51 ¶ 16.

## III. ARGUMENT

The term of a patent may be adjusted based on delays at the USPTO. 35 U.S.C. § 154(b). Challenges to the USPTO's "PTA determination are governed by those standards employed by the Administrative Procedure Act ('APA')." *Pfizer, Inc. v. Lee*, 811 F.3d 466, 470-71 (Fed. Cir. 2016) (citing 35 U.S.C. § 154(b)(4)(A)). The USPTO's patent term adjustment determination must be affirmed "unless it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* at 471 (quoting 5 U.S.C. § 706; citing *Centech Grp. v. United States*, 554 F.3d 1029, 1037 (Fed. Cir. 2009)).

The USPTO provided a 1042 day patent term adjustment for the '507 patent under § 154(b). Defendants fail to provide any argument or evidence that the patent term adjustment prescribed by the Patent Office is incorrect, much less that the adjustment is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706. Therefore, the '507 patent's patent term adjustment is not invalid.

## IV. CONCLUSION

Eolas respectfully requests that its Motion be granted.

| Dated: April 27, 2016. | **MCKOOL SMITH, P.C.** |
|---|---|
| | /s/ *Kevin L. Burgess* |
| | Kevin L. Burgess |
| | Lead Attorney |
| | Texas State Bar No. 24006927 |
| | kburgess@mckoolsmith.com |
| | John B. Campbell |
| | Texas State Bar No. 24036314 |
| | jcampbell@mckoolsmith.com |
| | James Quigley |
| | Texas State Bar No. 24075810 |
| | jquigley@mckoolsmith.com |
| | Jennifer Van Dusen |
| | Texas State Bar No. 24087087 |
| | jvandusen@mckoolsmith.com |
| | **McKool Smith, P.C.** |
| | 300 W. 6th Street, Suite 1700 |
| | Austin, TX 78701 |
| | Telephone: (512) 692-8700 |
| | Facsimile: (512) 692-8744 |
| | |
| | Mike McKool |
| | Texas State Bar No. 13732100 |
| | mmckool@mckoolsmith.com |
| | **McKool Smith, P.C.** |
| | 300 Crescent Court, Suite 1500 |
| | Dallas, TX 75201 |
| | Telephone: (214) 978-4000 |
| | Facsimile: (214) 978-4044 |
| | |
| | Jennifer L. Truelove |
| | Texas State Bar No. 24012906 |
| | jtruelove@mckoolsmith.com |
| | McKool Smith, P.C. |
| | 104 East Houston Street |
| | Suite 300 |
| | Marshall, TX 75670 |
| | Telephone: (903) 923-9002 |
| | Telecopier: (903) 923-9099 |
| | |
| | **ATTORNEYS FOR PLAINTIFF EOLAS TECHNOLOGIES INCORPORATED** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served via email on all counsel of record on April 27, 2016.

*/s/ James Quigley*
James Quigley

1178237