# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| **Plaintiff,** | Civil Action No. 6:15-cv-01038-RWS |
| v. | **LEAD CASE** |
| **AMAZON.COM, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| **Plaintiff,** | Civil Action No. 6:15-cv-01039-RWS |
| v. | **CONSOLIDATED CASE** |
| **GOOGLE INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| **Plaintiff,** | Civil Action No. 6:15-cv-01040-RWS |
| v. | **CONSOLIDATED CASE** |
| **WAL-MART STORES, INC., AND WAL-MART STORES TEXAS, LLC,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

# **DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.    Initial Disclosures.**    In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)    any settlement agreements relevant to the subject matter of this action; and

(g)    any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
>
> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

   A. **Written Discovery**

   a. Plaintiff[2] may serve up to ten (10) interrogatories stated identically to all Defendants[3] and fifteen (15) interrogatories stated individually to each individual Defendant. Defendants may collectively serve up to ten (10) common interrogatories stated identically on Plaintiff and may each individually serve up to fifteen (15) additional interrogatories on Plaintiff.

   b. Plaintiff may serve up to thirty (30) requests for admission stated identically to all Defendants and fifteen (15) requests for admission stated individually to each individual Defendant. Defendants may collectively

---

[2] Herein, "Plaintiff" and "Eolas" refers to Eolas Technologies Incorporated.

[3] Herein, each of the following is a "Defendant" (1) Amazon.com, Inc. ("Amazon"); (2) Google Inc. ("Google"); and (3) Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart"). Together, Amazon, Google, and Walmart comprise the "Defendants."

    serve up to thirty (30) common requests for admission stated identically on Plaintiff and may each individually serve up to fifteen (15) additional requests for admission on Plaintiff.

    c. Notwithstanding the foregoing, there shall be no limitations on the number of requests for admission any party may use solely for the purpose of authentication and/or admissibility of evidence. Any requests for admission related solely to authentication and/or admissibility should be clearly denoted as such.

B. **Fact Depositions of Parties and Non-Parties**

    a. The total number of non-expert deposition hours taken by Plaintiff, including Rule 30(b)(6) depositions, third-party depositions, and other individual depositions, shall not exceed 200 hours. For all depositions of party witnesses (including any person designated under FRCP 30(b)(6) as well as any current employee and agent of any party whether or not designated under FRCP 30(b)(6)), no more than fifty-five (55) hours can be taken of a single Defendant.

    b. The total number of non-expert deposition hours taken by Defendants, individually or collectively, including Rule 30(b)(6) depositions, third-party depositions, and other individual depositions, shall not exceed 200 hours. For all depositions of party witnesses (including any person designated under FRCP 30(b)(6) as well as any current employee and agent of any party whether or not designated under FRCP 30(b)(6)), no more than sixty (60) hours can be taken of Plaintiff collectively by Defendants.]

    c. All individual depositions shall be limited to seven (7) hours in accordance with the Federal Rules of Civil Procedure, except that any named inventor of the '507 patent may be examined for a total of up to 10 (ten) hours. Without agreement of the parties and the witness, deposition may last for no more than seven (7) hours on a single day. Any deposition lasting longer than one day shall take place on contiguous days unless the witness agrees that non-contiguous days are acceptable.

C. **Expert Depositions**

    a. The deposition of any expert witness testifying in his capacity as an expert shall be limited to seven (7) hours per expert report or disclosure, with the following exceptions.

    b. To the extent an expert report or disclosure of any expert witness testifying on behalf of Plaintiff is addressed to alleged activities (e.g., alleged infringement or damages) of more than one Defendant, such expert may be deposed for an additional five (5) hours per additional

    Defendant addressed, not to exceed seventeen (17) hours regardless of the number of Defendants addressed.  In no event shall any one Defendant depose such expert concerning such report or disclosure for more than seven (7) hours.  If an expert responds to multiple reports in a single report (e.g. Plaintiff's expert has one validity report responding to reports regarding invalidity from separate experts for each Defendant), such expert may be deposed for an additional five (5) hours per additional Defendant addressed, not to exceed seventeen (17) total hours regarding the combined report, regardless of the number of reports rebutted in that combined report.

  c.  To the extent an expert report or disclosure of any expert witness testifying on behalf of multiple Defendants is addressed to alleged activities (e.g., alleged infringement or damages) of more than one Defendant, such expert may be deposed for up to five (5) additional hours per additional Defendant addressed per report not to exceed seventeen (17) hours regardless of the number of Defendants addressed, and in no event shall Plaintiff depose such expert concerning the alleged activities of any one particular Defendant addressed in such report or disclosure for more than seven (7) hours. If an expert report of any expert witness testifying on behalf of one or more Defendants addresses a common issue for Defendants (e.g., alleged invalidity of the patent-in-suit), Eolas shall be entitled to up to seven (7) hours of deposition time, plus an additional five (5) hours per additional Defendant addressed, not to exceed seventeen (17) total hours regarding the report, regardless of the number of Defendants the report was on behalf of.

  d.  Without agreement of the parties and the witness, experts may be deposed for no more than seven (7) hours on a single day. Either the party noticing the deposition or the party defending the deposition may elect to have any continued examination take place on non-contiguous days.

Any party may later move to modify these limitations for good cause.

**6.**  **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an

order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party

believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

(c) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery:**

    - Counsel need not preserve drafts or outlines of expert reports (partial or complete), notes, and other evidence of communications with experts on the subject of the expert's actual or potential testimony. Further, the parties agree that neither party need produce communications between counsel and expert witnesses, communications between an expert and others, including staff members, who work at the direction of the expert to support the expert, or drafts of expert reports. Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including e-mail), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation. This agreement applies to all such items regardless of whether they are in paper or electronic form and whether from this case or another.

    - The parties may serve documents (both filings and non-filings) by email, or, if too voluminous, by FTP or other file transfer service.

    - The parties will use best efforts to serve by email all documents filed under seal within two hours.

    - No party is required to log privileged or work product materials dated after November 24, 2015, the date on which Eolas filed its complaints, except as provided under Local Patent Rule 3-7.

**IT IS SO ORDERED.**

**SIGNED this 5th day of May, 2016.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE