**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| Plaintiff, | **Civil Action No. 6:15-cv-01038-RWS** |
| v. | **LEAD CASE** |
| **AMAZON.COM, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| Plaintiff, | **Civil Action No. 6:15-cv-01039-RWS** |
| v. | **CONSOLIDATED CASE** |
| **GOOGLE INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,** | |
| Plaintiff, | **Civil Action No. 6:15-cv-01040-RWS** |
| v. | **CONSOLIDATED CASE** |
| **WAL-MART STORES, INC., AND WAL-MART STORES TEXAS, LLC,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## PATENT PROTECTIVE ORDER

WHEREAS, Plaintiff Eolas Technologies Incorporated ("Eolas" or "Plaintiff") and

Defendants Amazon.com, Inc. ("Amazon"); Google Inc. ("Google"); and Wal-Mart Stores, Inc.

and Wal-Mart Stores Texas, LLC ("Walmart") (collectively "Defendants") , hereafter referred to

as "the Parties," believe that certain information that is or will be encompassed by discovery

1

demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL".  The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL." For natively produced Protected Material, the word "CONFIDENTIAL" shall be placed in the filename of each such natively produced document.

2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes

2

Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE,") may be made at any time.   Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively. The parties may also use "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY" in place of "RESTRICTED - ATTORNEYS' EYES ONLY," and "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" in place of "RESTRICTED CONFIDENTIAL SOURCE CODE."

shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 12 herein:

    a.  outside counsel of record in this Action[2] for the Parties, as well as partners, associates, and employees of such counsel who are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

    b.  independent attorneys contracted to assist outside counsel in the litigation of this Action, provided they are members in good standing of at least one state bar and have completed the Undertaking attached as Appendix A;

    c.  up to two in-house counsel for the Parties who are members in good standing of at least one state bar and have responsibility for making decisions dealing directly with the litigation of this Action;

    d.  outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or of an affiliate of a Party) and their necessary support personnel retained for the

---

[2] As used herein, "Action" refers to, collectively, Case Nos. 6:15-cv-1038 (E.D. Tex.); 6:15-cv-1039 (E.D. Tex.); and 6:15-cv-1040 (E.D. Tex.).

purpose of this litigation, provided that (1) such consultants or experts and their necessary support personnel are not presently employed by the Parties hereto for purposes other than this Action;[3] (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert.[4]  The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the

---

[3] For avoidance of doubt, an independent expert or consultant retained (as opposed to employed) by a Party on another litigation would not be precluded under this section.

[4] For each such outside consultant or expert and their necessary support personnel retained for the purpose of this litigation who will receive "RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" designated Protected Material, the curriculum vitae shall identify his/her (i) current employer(s), (ii) an identification of all of the person's past and current employment and consulting relationships for the preceding five years, including direct relationships and relationships through entities owned or controlled by the person; (iii) (by name and number of the case, filing date, and location of court) any litigation in connection with which s/he has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. The party seeking to disclose Protected Material shall provide such other information regarding the person's professional activities reasonably requested by the producing party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the person. If such testifying expert believes any of this information is subject to a confidentiality obligation to a third-party, then s/he should provide whatever information can be disclosed without violating any confidentiality agreements, including a description of the material being withheld, and the Party seeking to disclose Protected Material to the testifying expert shall be available to meet and confer with the designating Party regarding any such engagement.

burden of proving the need for a protective order. No disclosure shall occur until the producing Party confirms there are no objections to disclosure, the time for objections has passed, or all such objections are resolved by agreement or Court order. For purposes of this section, "good cause" shall include an objectively reasonable concern that the person will, advertently or inadvertently, use or disclose Protected Material in a way or ways that are inconsistent with the provisions contained in this Order;[5]

e.  independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

f.  the Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party

---

[5] A party who has not previously objected to disclosure of Protected Material to an expert or whose objection has been resolved with respect to previously produced Protected Material shall not be precluded from raising an objection to an expert at a later time with respect to Protected Material that is produced after the time for objecting to such expert has expired or if new information about that expert is disclosed or discovered. The objecting Party shall notify the receiving Party of such an objection within a reasonable time after the new Protected Material is produced or its production is anticipated. The Parties agree to promptly confer and use good faith to resolve any such objection.  If the Parties are unable to resolve such an objection, the objecting Party shall file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. Notwithstanding the foregoing, the expert shall still be allowed to see Protected Material previously received by such expert during the pendency of the dispute. Subsequently produced Protected Material or Protected Material produced prior to such objection but not yet provided to such expert shall not be made available to the expert during the pendency of the dispute.

reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL and the knowledge of the existence of such Protected Material, shall be used only for prosecuting, defending, or attempting to settle this Action[6] and shall not be used for any other purpose. All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.     To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code[7] and/or live data (that is, data as it exists residing in a database or

---

[6] For the avoidance of doubt, this "Action" does not include any other legal or administrative proceeding, including but not limited to any proceeding at the U.S. Patent and Trademark Office (or any similar agency of a foreign government).

[7] "Source code" means computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. Source code includes source code, source code, object code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator),

databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.     For Protected Material designated RESTRICTED -- ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (d-f).

10.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, a computer not linked to any network, including a local area network ("LAN"), an intranet or the Internet) in a secured, locked room (the "Source Code Computer"). The stand-alone computer(s) may be connected to a printer but all printed pages must be left behind for subsequent review and production by the producing Party. The receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The secured computer shall have disk encryption and be password protected.  Use or possession of any input/output device (*e.g.*, USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room

---

microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

containing the Source Code Computer must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the stand-alone computer. The stand-alone computer(s) may only be located within the continental United States at the offices of the producing Party's outside counsel or, at the producing Party's discretion, an office of the producing Party;

a. Each party shall make its Source Code Material available on at least one Source Code Computer. If a receiving Party believes that it needs an additional Source Code Computer, and the parties are unable to reach agreement with respect to the additional Source Code Computer, the receiving Party may seek relief from the Court, including by seeking resolution from the Court telephonically. If a receiving Party believes that it needs a Source Code Computer to be available at trial, and the parties are unable to reach agreement with respect to the additional Source Code Computer, the receiving Party may seek relief from the Court, including by seeking resolution from the Court telephonically.

b. The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes this paragraph shall be 9:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the

receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

c.   The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

d.   The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

e.   Access to the Source Code Computer shall be limited to outside counsel and up to five (5) outside consultants or experts[8] (i.e., not existing employees or affiliates of a Party or of an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(d) above.

f.   The producing Party may not configure its Source Code Material or Source Code Computer(s) in a manner that unreasonably impedes or slows the receiving Party's ability to inspect the Source Code Material or Source Code Computer(s) or allows the producing Party to monitor the receiving Party's inspection (*e.g.*, key logging, video capture, etc.).

g.   The producing Party may periodically "check in" on the activities of the receiving Party's representatives during any Source Code Computer review and may visually monitor the activities of the receiving Party's representatives from outside the room in which the Source Code Material and Source Code Computer(s) is located, but only to ensure that no unauthorized electronic records

---

[8] For the purposes of this paragraph, an outside consultant or expert does not include the outside consultant's or expert's direct reports and other support personnel.

of the Source Code Material and no information concerning the Source Code Material are being created or transmitted in any way. However, the producing Party may not record (visually, audibly or by other means) the activities of the receiving Party's representatives.

h. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "RESTRICTED CONFIDENTIAL SOURCE CODE" material, except that the receiving Party shall be permitted to make a reasonable number of printouts of Source Code Material, "Source Code Printouts," all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." The receiving Party shall only print those limited portions of the Source Code Material necessary to a specific case preparation activity and shall not print portions of the Source Code Material for review elsewhere in the first instance. Requests to print more than thirty (30) pages of a continuous block of Source Code Material shall be presumptively objectionable (except where the requested Source Code Printout is a routine or function that is longer in length than thirty pages).

i. Access to, and disclosure of, such Source Code Printouts and any other Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to individuals listed in paragraphs 5(a) and, 5(f) and 10(e);

j. The receiving Party is prohibited from making any copies (electronic, paper, or otherwise) of such Source Code Printouts or any portions thereof except as otherwise provided in this Order.

k.   Within four (4) business days, the producing Party will provide three (3) copies of the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED   CONFIDENTIAL SOURCE CODE" unless timely objected to as discussed below.  The printed pages shall constitute part of the source code produced by the producing Party in this Action.

l.   The producing Party may object to the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity provided such objection is made in writing within four (4) business days of receiving the request.  The Parties shall thereafter meet and confer, and if the Parties are not able to reach agreement within 5 business days of the producing Party's objection, the producing Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the producing Party to show good cause for why the requested printed source code should not be provided. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Contested printouts do not need to be produced to the receiving Party until the time for objection has passed, the time for seeking Court relief has passed, or the matter is resolved by the Court;

m.  If the receiving Party's outside counsel, consultants, or experts obtain Source Code Printouts, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area

in the offices of such outside counsel, consultants, or expert, or if the receiving Party (including its outside counsel, consultants, or expert) does not have a secure office then in a safe, locked drawer, or locked file cabinet that is accessible only by the receiving Party (including its outside counsel, consultants, or expert) or other persons permitted to access Source Code Printouts as provided herein. The receiving Party may also temporarily keep the Source Code Printouts at: (i) the Court for any proceedings(s) relating to the Source Code Printouts, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Printouts are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

n. A receiving Party may create an electronic copy or image of limited excerpts of Source Code Printouts only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.  The receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Printouts is used.  Images or copies of Source Code Printouts shall not be included in correspondence between the parties (references to production numbers shall be

used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving Party may create an electronic image of a selected portion of the Source Code Printouts only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of the Source Code Printouts shall at all times be limited to individuals who are authorized to see material designated "RESTRICTED CONFIDENTIAL SOURCE CODE" under the provisions of this Protective Order. The receiving Party shall maintain a log of all electronic images and paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE";

o. To the extent portions of Source Code Printouts are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

p. A producing Party's Source Code Printouts may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(i) above on paper via

hand carry.[9] Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as is reasonably necessary for filing any Source Code Document with the Court or serving such Source Code Document on another Party;

q.  The receiving Party's Outside Counsel of Record may request that commercially available licensed software tools for viewing and searching source code be installed on the Source Code Computer(s). If such tools are not readily available to the producing Party, the receiving Party shall provide the producing Party with the CD or DVD containing such software tool(s) and any required licenses at least four (4) business days in advance of the inspection. These commercially available software tools include, but are not limited to, tools such as SciTools Understand, Notepad++, and other similar tools.

r.  The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.  No notes shall be made or stored on the inspection computer, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by

---

[9] The producing Party shall deliver Source Code Printouts in the first instance to an attorney office of the receiving Party's choosing. Costs of further hand deliveries of those already delivered Source Code Printouts (or portions thereof) to other attorneys, consultants, or experts (cleared to view such material under this Protective Order) shall be split evenly by the producing Party and receiving Party.

the producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be treated as RESTRICTED – CONFIDENTIAL SOURCE CODE, but such notes need not be included on any source code reviewer logs and such notes need not be produced to any other Party.;

s.  A list of names of persons who will review Source Code Material on the Source Code Computer(s) will be provided to the producing Party in conjunction with any written (including email) notice requesting inspection. Prior to the first inspection of any Source Code Material on the Source Code Computer(s), the receiving Party shall provide five (5) business days' notice to schedule the initial inspection with the producing Party. The receiving Party shall provide three (3) business days' notice in advance of scheduling any additional inspections. Such notice shall include the names and titles for every individual from the receiving Party who will attend the inspection. The producing Party may maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart;

t.  The receiving Party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing Party) that are delivered by the receiving Party to any person. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing Party, the receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving Party and/or person that receives a copy of any portion of the source code; and

u.  All copies of any portion of the Source Code Printouts in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code Printouts that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

v.  On reasonable request of a receiving Party in advance of a deposition (at least three (3) business days) of a producing Party's witness who, in the normal course of their work, have or have had access to any of the producing Party's Source Code Materials on the producing party's Source Code Computer(s), a producing Party shall provide either (1) a copy set of all of a producing Party's Source Code Printouts; or (2) a producing Party's Source Code Computer (in addition to the Source Code Computer(s) available for inspection as described above) in the deposition room for use during the deposition.

11.  Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated  RESTRICTED - ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To

ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. For the avoidance of doubt, an attorney representing a Party (such as outside counsel) shall not be barred from or limited in representing a Party in an ex parte reexamination, inter partes reexamination/review, covered business method review, or post-grant review of the patent-in-suit, or any application claiming priority to or otherwise related to the patent-in-suit (but in Eolas's case, only if such action is initiated by a party other than Eolas). Eolas also agrees to not amend claims of the patent-in-suit in any post-grant proceedings.

12.    Absent written consent from the designating Party, any person who obtains, receives, has access to, or otherwise learns, in whole or in part, any other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not be involved in any activity on behalf of receiving Party related to: (i) the acquisition of patents or patent applications relating to the field of the invention of the patents-in-suit, or (ii) the advising or counseling clients regarding the same.  This Acquisition Bar shall begin when such HIGHLY SENSITIVE MATERIAL is first received by the affected individual and shall end after the conclusion of this Action, including any appeals.

13.    Each party receiving Protected Material shall comply with all applicable export control statutes and regulations, *see, e.g.* 15 CFR 734.2(b), and any Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of software or information contained in such Protected Material, including the release of

such information to foreign persons or nationals in the United States or elsewhere. The producing Party shall be responsible for identifying any such export control classification numbers ("ECCN") that is has determined in the ordinary course of business to be applicable to its Protected Materials. This identification need not be on a document-by-document basis, but should be provided for each of the following categories: (1) Source Code Material; and (2) non-Source Code Material. The parties further agree to meet and confer if questions arise as to the ECCN(s) for specific subclasses or materials or documents, but the producing Party shall never be responsible for providing ECCN-related information that it has not determined in the ordinary course of business. The receiving Party shall take measures necessary to ensure compliance. Without limitation, this prohibition extends to Protected Material (including copies) in physical and electronic form.  The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Material, exclusive of material designated RESTRICTED CONFIDENTIAL – SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the producing Party, or Court order, to the extent that such agreed to procedures conform with applicable export control laws and regulations.

14.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  Pursuant

to Federal Rule of Evidence 502(d) and (e), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an

author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen or had access to such DESIGNATED MATERIAL, or substantially similar, (iv) court reporters and videographers; (v) the Court; or (vi) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.[10] Subject to any challenge to a particular designation under paragraph 20, the Parties will not oppose any reasonable request by the designating Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

17.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED - ATTORNEYS' EYES ONLY."

---

[10] In the event a non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed Undertaking attached as Appendix A. In the event such attorney declines to sign the Undertaking prior to the examination, a Party may, by its attorneys, seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

18.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court. Subject to any challenges under Paragraph 20, the Parties will not oppose any reasonable request by the producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material.

20.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to

Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert and their necessary support personnel to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties or any Party may designate as "CONFIDENTIAL" or "RESTRICTED -- ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties and any Party shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED -- ATTORNEYS' EYES ONLY" in

accordance with this Order.  Where a Third Party designates any documents, information or other material as provided herein, experts previously disclosed and approved hereunder prior to said Third Party's production of any Protected Material need not be disclosed to said Third Party. Subsequently disclosed experts need not be disclosed to said Third Party before that Third Party's Protected Material may be disclosed thereto.

24.    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena. If a Producing Party does not take steps to prevent disclosure of such documents within fourteen (14) days of the date written notice is given, the Party to whom the subpoena or other request is directed may produce such documents in response thereto.]

25.    Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding any summaries, descriptions, excerpts or extracts incorporated into any privileged or work product protected materials of the Parties or their outside counsel of record, and any materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.  The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

26.     The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

27.     Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

28.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

29.     Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

30.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or

entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

31.    Subject to other provisions of this Order, no Defendant is required to produce its Protected Material to any other Defendant or Defendants. Plaintiff may disclose one Defendant's Protected Material to the other Defendant through Court filings, oral argument in Court, expert reports, discovery responses, or any other means permitted by the other provisions of this Order, without the prior written consent of the Defendant that produced the Protected Material, provided that Plaintiff marks such disclosure with the same confidentiality designation as utilized by the disclosing party and provided that Plaintiff follows the other provisions of this Order. In the event that Plaintiff intends to use one Defendant's Protected Material as evidence for its case against another Defendant in an expert report, Plaintiff shall provide notice to both Defendants at least fourteen (14) days before serving that expert report (unless the material is provided to Plaintiff less than fourteen (14) days before serving that expert report, in which case Plaintiff shall strive to provide as much notice as is practicable).

32.    This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**SIGNED this 5th day of May, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

**EOLAS TECHNOLOGIES INCORPORATED,**

                **Plaintiff,**

    **v.**

**AMAZON.COM, INC.,**

                **Defendant.**

**Civil Action No. 6:15-cv-01038-RWS**

**LEAD CASE**

**JURY TRIAL DEMANDED**

---

**EOLAS TECHNOLOGIES INCORPORATED,**

                **Plaintiff,**

    **v.**

**GOOGLE INC.,**

                **Defendant.**

**Civil Action No. 6:15-cv-01039-RWS**

**CONSOLIDATED CASE**

**JURY TRIAL DEMANDED**

---

**EOLAS TECHNOLOGIES INCORPORATED,**

                **Plaintiff,**

    **v.**

**WAL-MART STORES, INC., AND WAL-MART STORES TEXAS, LLC,**

                **Defendants.**

**Civil Action No. 6:15-cv-01040-RWS**

**CONSOLIDATED CASE**

**JURY TRIAL DEMANDED**

---

**APPENDIX A
UNDERTAKING REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.  My current employer's address is _____.

    My current employer is _____.

1

My current occupation is _____.

I hold citizenship in the following country(ies): _____.

I am a permanent resident of the following country(ies): _____.

2.  I have received a copy of the Protective Order in this action, *Eolas Technologies Incorporated v. Amazon.com, Inc.* United States District Court, Eastern District of Texas, Tyler Division, Civil Action No. 6:15-cv-1038-RWS (applying to consolidated cases *Eolas Technologies Incorporated v. Google Inc.*, Civil Action No. 6:15-cv-1039-RWS and *Eolas Technologies Incorporated v. Wal-Mart Stores, Inc. & Wal-Mart Stores Texas, LLC*, Civil Action No. 6:15-cv-1040-RWS).  I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.[11]

---

[11] The parties may also use "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY" in place of "RESTRICTED - ATTORNEYS' EYES ONLY," and "[HIGHLY] CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" in place of "RESTRICTED CONFIDENTIAL SOURCE CODE."

4.  Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _