**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **EOLAS TECHNOLOGIES INCORPORATED,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**AMAZON.COM, INC.,**<br><br>    **Defendant.** | Civil Action No. 6:15-cv-01038-RWS<br><br>LEAD CASE<br><br>JURY TRIAL DEMANDED |
| **EOLAS TECHNOLOGIES INCORPORATED,**<br><br>    **Plaintiff**,<br><br>    **v.**<br><br>**GOOGLE INC.,**<br><br>    **Defendant**. | Civil Action No. 6:15-cv-01039-RWS<br><br>CONSOLIDATED CASE<br><br>JURY TRIAL DEMANDED |
| **EOLAS TECHNOLOGIES INCORPORATED,**<br><br>    **Plaintiff**,<br><br>    **v.**<br><br>**WAL-MART STORES, INC., AND WAL-MART STORES TEXAS, LLC,**<br><br>    **Defendants**. | Civil Action No. 6:15-cv-01040-RWS<br><br>CONSOLIDATED CASE<br><br>JURY TRIAL DEMANDED |

**GOOGLE AND WALMART'S SUR-REPLY TO EOLAS' MOTION FOR SUMMARY
JUDGMENT AND ALTERNATIVE REQUEST FOR DISCOVERY UNDER FEDERAL
RULE OF CIVIL PROCEDURE 56(d)**

I.  **GOOGLE AND WALMART'S § 282(C) DEFENSE IS NOT LIMITED TO THE NON-EXHAUSTIVE LIST OF CONDUCT IN § 1.704(C)**

Eolas does not substantively rebut Google and Walmart's showing that there is at least a genuine issue of material fact as to whether Eolas failed to engage in "reasonable efforts" to conclude prosecution of the application that led to the '507 patent. (Dkt. 126.) Instead, in its Reply (five times longer than its Motion), Eolas argues it need not do so to meet its burden on summary judgment because Google and Walmart's patent term extension defense is limited to only the specific actions and inactions expressly enumerated in § 1.704(c). (Dkt. 126, 1 n.1.)[1] This new, and therefore waived, argument is also incorrect.[2]

As detailed in Google and Walmart's Opposition, 35 U.S.C. § 282(c) provides a defense based on a "material failure" by an applicant to comply with 35 U.S.C. § 154(b). (Dkt. 119, 6.) Section 154(b)(2)(C)(i) dictates that a patent term extension is to be reduced by the period of time during which the applicant "failed to engage in reasonable efforts to conclude prosecution of the application." The Federal Register notes to §1.704(c) confirm the PTO has provided a *non-exhaustive* list of *examples* of such failures:

---

[1]  Although Eolas concedes it does not address or contest Google and Walmart's facts that show Eolas fails to meet its burden of proof, Eolas offers additional facts that supposedly show it "repeatedly sought to expedite prosecution of the '507 patent." (Dkt. 126, 2.) As a preliminary matter, the new points Eolas raised in its reply highlight material factual issues that should preclude summary judgment on their own. In any event, Eolas's new facts do not prove it sought to expedite prosecution. For example, Eolas claims it "offered to speak with the examiner on more than 10 occasions to expedite prosecution," but only pointed to its prosecution counsel's template signoff: "If the Examiner believes a telephone conference would expedite prosecution of this application, please telephone the undersigned…." (Dkt. 126, 6; 126-7 through 126-16.) And while Eolas claims it "sought to have the application examined out of turn" (Dkt. 126, 2), Eolas fails to mention it waited almost six months after filing its application to even petition the PTO for expedited review, or that Eolas' own act in replacing all of the claims two and a half years later effectively mooted the expedited review. (Dkt. 126-5.) Nor does Eolas even try to rebut Google and Walmart's arguments that this filing may have been a ruse to disguise Eolas' intended delay in prosecution, an issue of fact and appropriate for discovery. (Dkt. 119, 7.)

[2]  *Miles Bramwell USA, LLC v. Weight Watchers Int'l, Inc.*, No. 4:12-CV-292, 2013 WL 1797031, at *4 (E.D. Tex. Mar. 27, 2013); L.R. CV-7(f).

> Sections 1.704(c)(1) through 1.704(c)(11) address situations that occur with sufficient frequency to warrant being specifically provided for in the rules of practice . . . Thus, the actions or inactions set forth in § 1.704(c) are *exemplary circumstances* that constitute a failure of an applicant to engage in reasonable efforts to conclude processing or examination of an application. The Office may also reduce a period of adjustment provided in § 1.703 on the basis of conduct that interferes with the Office's ability to process or examine an application . . . even if such conduct is not specifically addressed in § 1.704(c).

(65 Fed. Reg. 181 (Sept. 18, 2000) (later codified at 37 CFR 1.704(c) (emphasis added); *see also* MPEP § 2732, available at http://www.uspto.gov/web/offices/pac/mpep/s2732.html (similar, and additionally noting that these situations "do not represent an exhaustive list").)  The list is non-exhaustive because "provid[ing] an exhaustive listing of actions or inactions that interfere with the Office's ability to process or examine an application is impractical, since there are a myriad of actions or inactions that occur infrequently but will interfere with the Office's ability to process or examine an application." (*Id.*)[3]

Nevertheless, Eolas argues that § 1.704(c) provides the only bases to challenge a patent term extension because § 154(b)(2)(C)(iii) states that the PTO prescribes regulations establishing "***the*** circumstances that constitute a failure of an applicant to engage in reasonable efforts." (Dkt. 126, 1 (emph. in original).)  But § 154(b)(2)(C)(iii) concerns PTO rulemaking obligations.  It is § 154(b)(2)(C)(i) (*quoted above*) that addresses the requirements for a patent term extension.

In any event, the PTO did prescribe "the circumstances" that constitute a failure to engage in reasonable efforts during prosecution.  It did so broadly by saying "the period of patent term adjustment under 35 U.S.C. 154(b)(1) shall be reduced by a period equal to the period of time during which the applicant failed to engage in reasonable efforts to conclude prosecution (processing or examination) of the application."  (65 Fed. Reg. 181 (Sept. 18, 2000) (later codified at 37 CFR §1.704(c)).)  It then further provided the expressly non-exhaustive list of

---

[3]  To the extent Eolas is asserting that PTO somehow misinterpreted Congress's directive, this is not the appropriate forum for such a challenge.

applicant actions that are indicative of unreasonable behavior in 37 CFR 1.704(c). Eolas' position that the PTO must first amend §1.704(c) to explicitly include a particular action for that action to be considered unreasonable runs counter to the PTO's own regulations.[4] (Dkt. 126, 2.)

## II. THE ARBITRARY & CAPRICIOUS STANDARD UNDER THE APA DOES NOT APPLY TO A DEFENSE UNDER 35 U.S.C. § 282(C).

Eolas argues *Mohsenzadeh v. Lee* supports its interpretation of § 154(b) because the district court found the PTO's interpretations of its regulations in § 1.702-1.704 to be reasonable and persuasive in that particular case. However, the Federal Circuit opinion (which Eolas cites but does not describe) did not reach the PTO's regulations. Rather, it decided the case on statutory interpretation grounds. 790 F.3d 1377, 1382 (Fed. Cir. 2015) ("it is not necessary to reach whether 37 C.F.R. § 1.704(c)(14) is a proper exercise of the PTO's delegated rule making authority under 35 U.S.C. § 154(b)(2)(C)(iii)").[5] In any event, *Mohsenzadeh* has nothing to do with a defense in a patent infringement case under § 282(c) to an improper patent term extension. Rather, it was a patentee seeking a longer patent term extension that sued the PTO under 35 U.S.C. § 154(b)(4)(A). 790 F.3d at 1379-80. This makes sense as § 154(b)(4)(A) expressly *requires* application of the APA to a claim against the PTO by a patentee. 35 U.S.C.

---

[4] As demonstrated in Google and Walmart's Opposition, Eolas also improperly received 84 more days than it should have, given the corrected abstract filed in February 2012. (Dkt. 119, 7.) While Eolas correctly points out that § 1.704(c)(13) provides for an adjustment where a patentee has failed to provide an application in condition for examination within eight months from filing, whether the PTO's *automatic* mechanism reduces the term of a patent under § 1.704(c)(13) is not the issue; the issue is whether Eolas' actions during prosecution, taken as a whole, were reasonable. 35 U.S.C. § 282(c). Particularly when considered together with the rest of Eolas' actions, Eolas fails to show the absence of a genuine issue of material fact that Eolas' submission of an Abstract that did not comply with the Patent Office's rules, followed by a revised submission months later, was not reasonable.

[5] Although irrelevant, the district court actually determined that the PTO's rulemaking was entitled to *Skidmore* deference, not *Chevron* deference as Eolas suggests. *Mohsenzadeh v. Lee*, 5 F. Supp. 3d 791, 801 (E.D. Va. 2014), *aff'd*, 790 F.3d 1377 (Fed. Cir. 2015) ("because Congress has not vested the Commissioner with any general substantive rulemaking power, USPTO regulations cannot possibly have the force and effect of law and thus, the rule of controlling deference set forth in *Chevron* does not apply" (internal citations omitted).)

§ 154(b)(4)(A). But § 282(c), which provides for defenses in civil patent litigation, does not. Eolas has not identified a single case that ever applied the APA to a § 282 defense.

Eolas also suggests that the Court should defer to the PTO because the "PTO made a reasoned PTA determination as to the '507 patent." (Dkt. 126, 2.) But there is no dispute that the patent term extension was simply the automatic result of a computer program named PALM (Dkt. 119, 3), which is not a "reasoned determination" at all. Even were the arbitrary and capricious standard somehow applicable, however, Eolas still fails to show, viewing the facts with all inferences in Google and Walmart's favor, an absence of a genuine of issue of fact that the patent term extension was improperly granted.

### III. EOLAS FAILS TO REBUT GOOGLE AND WALMART'S SHOWING THAT THEY ARE ENTITLED TO DISCOVERY UNDER RULE 56(D)

Eolas does not rebut that Google and Walmart are entitled to discovery concerning, among other things, Eolas' initial submission of placeholder claims, which effectively delayed prosecution until the prosecution bar from the previous litigation expired. (Dkt. 119, 7.) In fact, Eolas concedes that at least "some" of Google and Walmart's requested discovery would be relevant to Google and Walmart's theory. (Dkt. 126, 5.) Instead, Eolas hangs its hat on the same incorrect interpretation of the applicable statutes discussed above in arguing that only discovery concerning the specific items enumerated in the non-exhaustive list of conduct in §1.704(c) could be relevant. (Dkt. 119, 5.) Eolas also does not refute that experts could be relevant to either the applicable "reasonable efforts" standard, or the "arbitrary and capricious" standard that Eolas urges. And while Eolas takes issue generally with the "scope" of this requested discovery (*id.*), it provides no support for its unreasonable position that Google and Walmart are not entitled to *any* discovery before responding to Eolas' Motion.

July 15, 2016

By:  */s/ David A. Perlson*
Charles K. Verhoeven
CA Bar No. 170151
charlesverhoeven@quinnemanuel.com
David A. Perlson
CA Bar No. 209502
davidperlson@quinnemanuel.com
Michael D. Powell
CA Bar No. 202850
mikepowell@quinnemanuel.com
Derek J. Tang
CA Bar No. 296230
derektang@quinnemanuel.com
Lindsay M. Cooper
CA Bar No. 287125
lindsaycooper@quinnemanuel.com
Felipe Corredor
CA Bar No. 295692
felipecorredor@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: 415-875-6600
Facsimile: 415-875-6700

Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
**POTTER MINTON**
110 N. College Avenue, Suite 500
Tyler, Texas 75702
Telephone:  903-597-8311
Facsimile:  903-593-0846

ATTORNEYS FOR DEFENDANT
Google Inc.

By:  */s/ Bijal V. Vakil*
Bijal V. Vakil
CA State Bar No.:  192878
(Admitted to practice in E.D. Texas)
Shamita D. Etienne-Cummings
CA State Bar No.:  202090
(Admitted to practice in E.D. Texas)

Thomas C. Flynn
CA State Bar No.: 257945
(admitted to practice in E.D. Texas)
Allen W. Wang
CA State Bar No.: 278953
(admitted to practice in E.D. Texas)
WHITE & CASE LLP
3000 El Camino Real
Five Palo Alto Square 9th Floor
Palo Alto, CA 94306
Telephone: (650) 213-0300
Facsimile: (650) 213-8158
Email: bvakil@whitecase.com
Email: setienne@whitecase.com
Email: allen.wang@whitecase.com
Email: tflynn@whitecase.com

J. Thad Heartfield
State Bar No. 09346800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, TX 77706
Telephone: (409) 866-3318
Facsimile: (409) 866-5789
Email: thad@heartfieldlawfirm.com

Attorneys for Defendants
Wal-Mart Stores, Inc. and
Wal-Mart Stores Texas, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

*/s/ David A. Perlson*
David A. Perlson
